NEW YORK PRACTICE REPORTS. 491

People *ex rel.* Green agt. Common Council of Syracuse.

## SUPREME COURT.

### The People *ex re.*. John A. Green agt. The Common Council of the City of Syracuse.

The common council of the city of Syracuse, after the appointment of commissioners to assess the damages to be awarded to the owners of the lands to be taken as a *public street*, and after the award has been made and confirmed by the lapse of time in which an appeal may be taken, have no authority to *discontinue the proceedings*.

If the common council neglect to proceed and open the street, the court may grant a *mandamus* to compel them to proceed, when applied to by any person *interested in the proposed improvement*.

And a person who has an interest in the proceedings, to enable him to recover the *damages awarded to him* by the commissioners, has such an interest as authorizes him to make the application.

And a *mandamus* will be granted in such case, where "the final determination of all the proceedings," in the way pointed out by the city charter has not been had, which is required to create the liability of the city to pay the award.

*Syracuse Special Term, February*, 1861.
Motion by the relator for a peremptory mandamus.

Hunt & Fryer, *attorneys, and*
D. Pratt, *counsel for relator.*
Barrett & Leavenworth, *for defendants.*

Morgan, Justice. From the facts stated in the writ of alternative mandamus, and admitted by the answer, together with the evidence taken on the trial, it appears that the common council of the city of Syracuse, in pursuance of the powers vested in them by the charter, caused to be surveyed the proposed street in question, and caused permanent monuments to be set, showing the lines thereof, and a map to be made of the same, which was filed in the city clerk's office, and a copy thereof was also filed in the county clerk's office, as provided for in title 8, § 1. The common council then declared by resolution their intention to take and appropriate the property included within the lines of

the proposed street, and published and served the notices as required by the city charter. Application was made to the county court for the appointment of three commissioners, in pursuance of notice to the property owners, and that court duly appointed such commissioners "to ascertain and report the just compensation to be paid to the person or persons owning or having an interest in the said property."

The commissioners thus appointed proceeded under § 2, title 8 of the city charter, to ascertain and award to the respective owners of property to be taken, and to all persons and corporations interested therein, such damages therefor, (deducting the benefits to the adjoining lands) as in their opinion would be a just compensation to them respectively; and this report was duly returned to the common council. No appeal was taken to the county court by any person interested in the lands, or by the common council, within the time prescribed by § 3 of article 8th of the city charter.

By § 4 of the same article it is provided that "in case there shall be no appeal from the report of the commissioners, the common council shall direct the commissioners making the award to assess the amount awarded for damages, with commissioners' fees, specifying the aggregate amount of the same. The commissioners shall proceed to assess such amount upon the property benefited by such improvement, in a just and equitable manner, as near as may be in proportion to the benefits received. Such assessment shall be made in the same manner as the assessment for building sewers, except that such commissioners shall direct such part of said expenses to be assessed upon the city, and such part locally, as they shall deem just."

And by § 6 : " Immediately after the final determination of all proceedings in which any award shall be made, the common council shall cause to be paid or tendered to the respective owners the amount awarded to each respect-